1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DARRYL G. CLEWIES, II,                    No.  2:24-cv-01733-DAD-SCR

12              Plaintiff,

13        v.                                   ORDER

14   DEPARTMENT OF CHILD SUPPORT
     SERVICES, et al.,
15
                Defendants.
16

17

18        Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

19   to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed a motion for leave to proceed

20   in forma pauperis ("IFP") and a declaration, including a statement of income and expenses,

21   averring he is unable to pay the costs of these proceedings.  *See* 28 U.S.C. § 1915(a)(1).  The

22   motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the

23   Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an

24   amended complaint.

25                          I.  SCREENING

26        A.    Legal Standard

27        The federal IFP statute requires federal courts to dismiss a case if the action is legally

28   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

                                1

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

2  reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

3  Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

4  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

5        Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

6  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

7  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

8  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

9  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

10  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

11  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

12  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

15  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

16  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

17  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*

18  *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*

19  *denied*, 564 U.S. 1037 (2011).

20        The court applies the same rules of construction in determining whether the complaint

21  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

22  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

23  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

24  less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the

25  court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.*

26  *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of

27  a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

28  555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1    To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

3    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

5    678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

6    to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*

7    *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

8        B.    The Complaint

9        Plaintiff's complaint is 5 pages, but he has attached over 100 pages of attachments. ECF

10    No. 1. Plaintiff states the action is one for damages and injunctive relief under the Fair Debt

11    Collection Practices Act ("FDCA"), 15 U.S.C. § 1692 et seq. The intended Defendants are

12    unclear. The caption of the Complaint lists the Department of Child Support Services ("DCSS")

13    and twelve individuals, who appear to be employees of DCSS, or attorneys for DCSS. However,

14    in the portion of the complaint labeled "Parties," Plaintiff refers only to "Defendant" singular, and

15    the only Defendant described is DCSS. ECF No. 1 at ¶¶ 7-16. Other portions of the Complaint

16    occasionally refer to "defendants", but Plaintiff makes no specific allegations against any of the

17    twelve individuals listed in the caption.

18        Plaintiff alleges that in November 2023, he "allegedly incurred a financial obligation"

19    owed to DCSS. *Id.* at ¶ 17. Plaintiff alleges he disputed the account, asked for validation of the

20    alleged debt, and sent letters to Defendants. *Id.* at ¶¶ 19-21. Plaintiff then alleges additional

21    telephone and mail communications with Defendants. Plaintiff claims Defendants never

22    responded to the request for validation of debt. *Id.* at ¶ 28. The sole count of the complaint is

23    entitled "FDCPA Violation" and states that it incorporates the rest of the complaint. *Id.* at ¶¶ 44-

24    46.

25        Plaintiff requests statutory damages under 15 U.S.C. § 1692k(a), and an award of

26    attorney's fees. ECF No. 1 at 4.

27        C.    Analysis

28        Plaintiff's complaint contains a jurisdictional statement and request for relief. However, it

3

1    fails to contain a "short and plain statement of the claim showing that the pleader is entitled to
2    relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff's allegations are largely conclusory.  Plaintiff names
3    twelve defendants in the caption, but then refers most often to "Defendant" singular, or
4    collectively "defendants."  Plaintiff refers to telephone and mail communications in regard to a
5    debt, but does not describe them in any detail, such as who initiated the communication, when, or
6    the nature of the communication.

7         To establish a violation of the FDCPA, a plaintiff must show: 1) he was a consumer; 2)
8    who was the object of a collection activity arising from a consumer "debt" within the meaning of
9    the FDCPA; 3) the defendant is a "debt collector" as defined by the FDCPA; and 4) defendant
10   engaged in an act or omission prohibited by the FDCPA.  *Wilson v. Experian*, 2025 WL 1663287,
11   *4 (E.D. Cal. June 12, 2025).  "Because not all obligations to pay are considered debts under the
12   FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a
13   'debt' within the meaning of the statute." *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir.
14   2004).  The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay
15   money arising out of a transaction in which the money, property, insurance, or services which are
16   the subject of the transaction are primarily for personal, family, or household purposes ..." *Id.* at
17   1227, citing 15 U.S.C. § 1692k. !

18        Plaintiff alleges he incurred a financial obligation which was "an account due and
19   allegedly owing" to the DCSS.  ECF No. 1 at ¶ 17.  The FDCPA's "reach is limited to debt
20   obligations arising from negotiations or contracts for consumer-related goods or services."
21   *Chavez v. Access Capital Servs., Inc.*, 2014 WL 2716876, *2 (E.D. Cal. June 16, 2014).
22   "[C]ourts have held that an obligation to pay child support does not constitute a 'debt' under the
23   FDCPA." *Silver v. Dystrup-Chiang*, 2022 WL 741903, *2 (W.D. Wa. March 11, 2022)
24   (collecting cases).  Plaintiff alleges that he has incurred a vaguely described financial obligation
25   to the Department of Child Support Services, this is presumably a child support obligation which
26   does not constitute "debt" under the FDCPA.

27        Additionally, Plaintiff's allegations that the FDCPA was violated are largely conclusory.
28   For example, Plaintiff makes the conclusory assertion that, "defendants never responded to

1    Validation of debt." ECF No. 1 at ¶ 27. Such assertion is insufficient. *See Wilson*, 2025 WL

2    1663287 at *5 ("Plaintiff's conclusory allegations that 'defendant' did not validate the debt are

3    not enough to state a claim.").

4          Finally, as to Plaintiff's relief requested, he requests an award of attorney's fees pursuant

5    to 15 U.S.C. § 1692k(a)(3). Attorney fees are recoverable under the FDCPA, however Plaintiff is

6    proceeding pro se. "[A] pro se litigant cannot be compensated under a federal statute for

7    attorney's fees." *Meier v. Grant & Weber, Inc*., 2019 WL 2373517, *4 (S.D. Cal. June 4, 2019)

8    citing *Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991); *see also White v. Experian*, 2024 WL

9    3973039, *1 (C.D. Cal. June 17, 2024) ("It is well established that non-attorney pro se litigants

10    cannot recover attorney's fees for the time they've spent litigating their cases.").

11          The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss

12    the case at any time" if it determines that the action fails to state a claim on which relief may be

13    granted. The Court finds that Plaintiff fails to state a claim because his allegations are conclusory

14    and because child support does not constitute "debt" under the FDCPA. However, Plaintiff is

15    proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear

16    that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th

17    Cir. 2012). As Plaintiff's allegations are vague, the Court cannot conclude that leave to amend

18    would be futile. Rather than recommending dismissal of the action, the undersigned will provide

19    Plaintiff an opportunity to amend the complaint to allege sufficient factual content to state a claim

20    for relief that is plausible on its face.

21                      II.  AMENDING THE COMPLAINT

22          If plaintiff chooses to amend the complaint, it must contain a short and plain statement of

23    Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered

24    paragraphs, with each paragraph number being one greater than the one before, each paragraph

25    having its own number, and no paragraph number being repeated anywhere in the complaint.

26    Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b).

27    As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

28    They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA

1  95814, or online at www.uscourts.gov/forms/pro-se-forms.

2          The amended complaint must not force the Court and the defendants to guess at what is

3  being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)

4  (affirming dismissal of a complaint where the district court was "literally guessing as to what

5  facts support the legal claims being asserted against certain defendants").  The amended

6  complaint should contain specific allegations as to the actions of each named defendant rather

7  than making conclusory allegations against the defendants collectively.  The amended complaint

8  should also describe the nature of the "debt" allegedly owed to DCSS.

9          Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

10  amended complaint complete.  An amended complaint must be complete in itself without

11  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

12  complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline*

13  *Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

14  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

15  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

16  original complaint, each claim and the involvement of each defendant must be sufficiently

17  alleged.

18          Plaintiff's amended complaint must address the issues set forth herein.  It must plead the

19  necessary elements of a claim under the FDCPA as set forth herein.  Plaintiff must also allege

20  enough facts in support of his claims to state a claim to relief that is plausible on its face. !

21                            III.  CONCLUSION

22          Accordingly, **IT IS HEREBY ORDERED** that:

23  1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

24  2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

25      that addresses the defects set forth above.  If Plaintiff fails to timely comply with this

26      order, the undersigned may recommend that this action be dismissed.

27  ////

28  ////

6

3.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: July 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7