UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL G. CLEWIES, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-01733-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636. Plaintiff has failed to file a first amended complaint and failed to respond to the Court's Order to Show Cause. The Court recommends that the action be dismissed for failure to prosecute and failure to comply with court orders.

**I.  Background and Procedural History**

On June 20, 2024, Plaintiff filed his complaint and a motion to proceed in forma pauperis. ECF Nos. 1 & 2. Plaintiff alleges violation of the Fair Debt Collection Practices Act ("FDCA"), 15 U.S.C. § 1692 et seq., and although the Defendants are unclear, one Defendant is the Department of Child Support Services and Plaintiff's claim appears to pertain to an obligation to pay child support. ECF No. 1.

On July 15, 2025, this Court screened the complaint per the screening process required by

28 U.S.C. § 1915(e)(2) and found the complaint was deficient in that it did not comply with Rule 8 and failed to state a claim. ECF No. 4. The Court's order provided in relevant part that Plaintiff shall have 30 days to file an amended complaint that addresses the defects set forth in the order. ECF No. 4 at 6. The Order warned that failure to comply may result in a recommendation that the action be dismissed. *Id.*

Plaintiff did not timely file a FAC, and on August 25, 2025 this Court issued an Order to Show Cause ("OSC") which directed Plaintiff to show cause within 14 days as to why the action should not be dismissed for failure to file an amended complaint. ECF No. 5. The OSC cautioned that failure to respond would lead to a recommendation that the action be dismissed and cited to Fed. R. Civ. P. 41(b) and Local Rule 110. Plaintiff's response was due September 8, 2025. No response was filed.

## II. Analysis

Plaintiff did not timely file a FAC and has not responded to the Court's OSC. Plaintiff was warned that failure to respond would lead to a recommendation that the action be dismissed. ECF No. 5 at 2. The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

### 1. Public's interest in expeditious resolution of the litigation

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed over a year ago, in June 2024. Plaintiff has not made any filing in this action in over a year. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

### 2. Court's need to manage its docket

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for over a year. The Court has issued a screening order and an order to show cause. The Court's need to manage its docket weighs in favor of dismissal, particularly given the heavy caseload in this District.

### 3. Risk of prejudice to defendant

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. The Court finds this factor weighs slightly in favor of dismissal.

### 4. Availability of less drastic alternatives

The Court has considered the availability of less drastic alternatives. As detailed above, the Court has previously issued an order to show cause and has cautioned Plaintiff that non-compliance with the Court's order would lead to a recommendation to dismiss the action. The Court finds that lesser sanctions would be futile given Plaintiff's lack of participation in the litigation. The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

### 5. Public policy favoring disposition of cases on the merits

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

### III. Conclusion

The Court recommends that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 110 for Plaintiff's failure to prosecute this action.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4